**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                 No. CR 09-0485 JB

ARMANDO MONTES VALLEJO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Objection to Presentence Report, filed May 17, 2010 (Doc. 50)("Objection"); and (ii) the Defendant's Addendum to Objection to Presentence Report, filed May 25, 2010 (Doc. 52).  The Court held a hearing on May 20, 2010. The primary issue is whether the Court should enhance Defendant Armando Montes Vallejo's base offense level 2 levels under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1) because he possessed a firearm when he committed this drug crime.  Because the United States' proffered evidence, to which Vallejo stipulated during the hearing, is sufficient to establish that Vallejo possessed the firearm in question, and because Vallejo has failed to show that it is clearly improbable that the gun was used in connection with the underlying crime, the Court will overruled Vallejo's objection and apply the 2-level enhancement.

## PROCEDURAL BACKGROUND

Vallejo was charged by federal Indictment with: (i) possession with intent to distribute 50 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (ii) possession of a gun during the commission of a drug trafficking offense, in

violation of 18 U.S.C. § 924(c)(1)(A).  See Indictment at 1-2, filed February 26, 2009 (Doc. 10).

On February 8, 2010, Vallejo agreed to plead guilty to the charge of possession with intent to

distribute in exchange for which the United States agreed that it would move to dismiss the weapon

charge at sentencing.  See Plea Agreement ¶ 3, at 2 (Vallejo's waiver of rights and agreement to

plead guilty), filed February 8, 2010 (Doc. 43); id. ¶ 13, at 6 (the United States' agreement to move

for dismissal of Count II at sentencing).  The United States Probation Office ("USPO") disclosed

Vallejo's Presentence Investigation Report ("PSR") on April 15, 2010.  The sentencing hearing was

scheduled, after two motions to continue, for May 20, 2010.

On May 17, 2010, Vallejo filed an objection to paragraph 16 of the PSR, which calculated

a 2-level enhancement to Vallejo's offense level for possession of a dangerous weapon during the

commission of the underlying offense, pursuant to U.S.S.G. § 2D1.1(b)(1).  See PSR § 16, at 6.  He

asserts he was unaware that the gun was present in his vehicle, and argues that neither the United

States nor the USPO has provided any evidence to the contrary.  See Objections at 1.  He maintains

that it is the United States' burden to prove the elements of a sentencing enhancement, and, because

the United States has failed to meet this burden, the Court should strike the 2-level enhancement

from the PSR.  See id. at 1-2.  By an addendum filed May 25, 2010, Vallejo argues that recent

authority from the Supreme Court of the United States indicates that the burden by which the United

States must prove the facts underlying this sentencing enhancement is beyond a reasonable doubt.

See Addendum to Objection to Presentence Report, filed May 25, 2010 (Doc. 52)(citing United

States v. O'Brien, No. 08-1569 (May 24, 2010)).[1]

---

[1] By addendum to the PSR, the USPO takes the position that the 2-level enhancement was
correctly applied based on the information available to the USPO -- that the gun was lying in the
bottom of a clothes hamper in the back seat of Vallejo's vehicle, behind the driver's seat.  See
Addendum to the Presentence Report at 1 (dated May 19, 2010).

At the hearing, the parties expressed their disagreement as to the United States' burden to impose the 2-level enhancement in U.S.S.G. § 2D1.1(b)(1).  Assistant United States Attorney Jon Stanford argued that the United States need only prove that the gun was in proximity to Vallejo and the narcotics.  <u>See</u> Transcript of Hearing at 4:16-5:24 (taken May 20, 2010)("Tr.")(Court, Stanford).[2] Dorothy Sanchez, Vallejo's attorney, insists that the United States must also put forth evidence establishing that Vallejo had knowledge of the gun and could easily access it; otherwise, he would not be in possession of the gun.  <u>See</u> Tr. at 6:15-7:13 (Court, Sanchez).

Likewise at the hearing, the parties stipulated to what the evidence would show were they to have an evidentiary hearing on the issue of Vallejo's possession of the firearm.  Mr. Stanford stipulated that Vallejo would take the stand and disclaim knowledge that the gun was present in his vehicle.  <u>See</u> Tr. at 8:6-24 (Court, Stanford, Sanchez).  Likewise, Ms. Sanchez stipulated that the United States could provide testimony that: (i) "there was a basket of clothes in the backseat and underneath the basket of clothes was a gun with a loaded magazine with hollow point rounds"; (ii) "the drugs were found in the backseat, too"; (iii) "the gun . . . was no further than two feet from where the drugs were located in the backseat"; and (iv) "[Vallejo] was driving around with a car full of methamphetamine . . . and had a gun . . . ."  Tr. at 9:5-10:2 (Stanford); <u>id.</u> at 10:18-11:2 (Court, Sanchez)(Ms. Sanchez accepting Mr. Stanford's proffer of the expected testimony of the United States' witness).

## LAW REGARDING U.S.S.G. § 2D1.1(b)(1)

An offender sentenced under § 2D1.1 of the Sentencing Guidelines is subject to a 2-level enhancement to his base-offense level if "a dangerous weapon (including a firearm) was possessed"

---

[2] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

during the underlying drug-trafficking offense.  U.S.S.G. § 2D 1.1(b)(1).  "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons."  Id. § 2D1.1, cmt. n.3.  The enhancement is expressed in the passive voice, and Application Note 3 to the Guidelines specifies that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  Id.  See United States v. Hernandez-Mejia, No. CR 05-469 JB, 2008 WL 5978897, at **6-7 (D.N.M. Nov. 19, 2008)(Browning, J.).

      The United State Court of Appeals for the Tenth Circuit has held that, for the 2-level enhancement to apply, "[t]he government must show by a preponderance of the evidence that 'a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant . . . .'"  United States v. Sallis, 533 F.3d 1218, 1225 (10th Cir. 2008)(quoting United States v. Pompey, 264 F.3d 1176, 1180 (10th Cir. 2001)(internal quotation omitted)).  See United States v. McClure, 358 Fed. Appx. 5, 10 (10th Cir. 2010)("[T]he government need only show the weapon was found in the same location where drugs or drug paraphernalia are stored or in the general vicinity of where part of the drug activity occurred."); United States v. Beltran, 571 F.3d 1013, 1021 (10th Cir. 2009)("To satisfy its burden for application of a two level enhancement under USSG § 2D1.1(b)(1), the government must show a temporal proximity between a weapon, the drug trafficking activity, and a defendant."); United States v. Hernandez-Mejia, 2008 WL 5978897, at **6-7 (Browning, J.).  "If it does so, the burden shifts to the defendant, who must demonstrate that this connection is clearly improbable."  United States v. Sallis, 533 F.3d at 1225 (quotation omitted).  "'[T]he government need only show that the weapon was found in the same location where drugs or drug paraphernalia are stored,"  United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1186-87 (10th Cir. 2004), or "that the weapon was located nearby the general location where drugs or drug

paraphernalia are stored or where part of the transaction occurred," United States v. Flores, 149 F.3d 1272, 1280 (10th Cir. 1998)(quotation omitted).  See United States v. Hall, 473 F.3d 1295, 1312 (10th Cir. 2007)(upholding enhancement where "shotgun was found in a car sitting right outside [defendant's] residence and easily accessible through the top of the vehicle . . . [and] other drug paraphernalia was found at the house, including scales with cocaine residue on them."); United States v. Humphrey, 208 F.3d 1190, 1211 (10th Cir. 2000)(upholding enhancement when gun found in trunk of defendant's Dodge, miles from the location of the defendant's arrest, and "no drugs were found in the trunk of the Dodge, [but] other items connected with the conspiracy were, including [] drug ledgers," and car was connected to an earlier drug-buying trip); United States v. Hernandez-Mejia, 2008 WL 5978897, at **9-11.

## ANALYSIS

Vallejo objects to the inclusion of a 2-level enhancement in his offense level under U.S.S.G. § 2D1.1(b)(1), based on possession of a dangerous weapon during the commission of his drug-trafficking offense.  The United States supports the USPO's inclusion of the 2-level enhancement, asserting that the evidence the United States has proffered supports imposition of the 2-level enhancement.  The Court concludes that the United States has satisfied the burden necessary to apply the 2-level enhancement of § 2D1.1(b)(1) and that Vallejo has failed to show that it is "clearly improbable" that the gun was used in connection with the underlying offense.

**I.    THE UNITED STATES' PROFFER, WHICH VALLEJO ACCEPTED, IS SUFFICIENT TO JUSTIFY APPLYING THE 2-LEVEL ENHANCEMENT.**

In the Tenth Circuit, the 2-level enhancement applies where "[t]he government . . . show[s] by a preponderance of the evidence that 'a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant . . . .'" United States v. Sallis, 533 F.3d at 1225.  In

other words, "the government need only show the weapon was found in the same location where drugs or drug paraphernalia are stored or in the general vicinity of where part of the drug activity occurred." United States v. McClure, 358 Fed. Appx. at 10.  See United States v. Beltran, 571 F.3d at 1021; United States v. Hall, 473 F.3d at 1312; United States v. Zavalza-Rodriguez, 379 F.3d at 1186-87; United States v. Humphrey, 208 F.3d at 1211; United States v. Flores, 149 F.3d at 1280; United States v. Hernandez-Mejia, 2008 WL 5978897, at **6-7.  Once the United States makes that showing, "the burden shifts to the defendant, who must demonstrate that this connection is clearly improbable."  United States v. Sallis, 533 F.3d at 1225 (quotation omitted).

Here, Mr. Stanford's proffer, which Ms. Sanchez accepted, meets the legal standard for application of the 2-level enhancement.  The testimony that Ms. Sanchez conceded the United States could produce places Vallejo in a vehicle with both the weapon and the drugs in the back seat.  See Tr. at 9:5-10:2 (Stanford); id. at 10:18-11:2 (Court, Sanchez)(Ms. Sanchez accepting Mr. Stanford's proffer of the expected testimony of the United States' witness).  Thus, the defendant, the drugs, and the weapon were all in the passenger compartment of the same car at the same time.  Because Vallejo's crime was possession of the drugs with intent to distribute, Vallejo and the gun were both "found in the same location where drugs or drug paraphernalia are stored," and "in the general vicinity of where part of the drug activity occurred."  United States v. McClure, 358 Fed. Appx. at 10.  Either of those conditions would be sufficient, alone, to justify application of the 2-level enhancement.

Vallejo's principal defense to the enhancement is that he had no idea that the gun was in the vehicle he was driving.  See Objections at 1.  In United States v. McClure, a panel of the Tenth Circuit upheld application of the 2-level enhancement in the face of the defendant's assertion that she had no knowledge of the gun.  See 358 Fed. Appx. at 8 ("As to the firearm enhancement, Ms.

McClure asserted she had no knowledge of the rifle found by agents in her home or that her boyfriend . . . traded guns for weapons.").  The Tenth Circuit panel found it was sufficient that the United States

> presented evidence showing the firearms and ammunition were located in Ms. McClure's and [her boyfriend's] residence and vehicles at the same time and place as the discovery of large amounts of methamphetamine and other drug paraphernalia, making it clear the entire residence, as well as the vehicles, constituted the locus of the drug trafficking operation.

358 Fed. Appx. at 10-11.  The panel then found that McClure's argument that she had no knowledge of the gun did not counter the imposition of the enhancement; rather, she could be charged with knowledge of the weapon because it was foreseeable that her boyfriend would have possessed a firearm in conjunction with their drug conspiracy.  See id. at 11.

        While, in this case, there is no co-conspirator from whom to impute knowledge of the weapon, the Tenth Circuit's case law does not mandate that the United States prove the defendant knew the weapon was present.  "Possession in the context of § 2D1.1(b)(1) is . . . possession by proximity -- constructive possession."  United States v. Zavalza-Rodriguez, 379 F.3d at 1187.  In United States v. Chatman, 994 F.2d 1510 (10th Cir. 1993), the defendant appealed the district court's application of a 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).  The facts of United States v. Chatman were somewhat more favorable to the defendant that the facts in this case are to Vallejo: the police found the weapon inside a dresser in a bedroom of the apartment at which the defendant negotiated a drug sale and was later arrested.  See 994 F.2d at 1517.  The defendant argued "that possession under § 2D1.1(b)(1) requires a showing that the gun was on [the defendant's] person or within his immediate reach and that he knew the gun was there" -- precisely what Vallejo argues in this case.  994 F.2d at 1517.  The Tenth Circuit disagreed, stating:

        Our prior rulings construing § 2D1.1(b)(1) and its commentary do not support this

interpretation.  We have held that possession under § 2D1.1(b)(1) does not require a finding of scienter, <u>see</u> <u>United States v. Underwood</u>, 938 F.2d 1086, 1090 (10th Cir. 1991), and that the trial judge may "enhance a drug defendant's sentence for mere possession of a dangerous weapon even if there is no evidence other than proximity to suggest the gun was connected to the offense."   <u>United States v. Roberts</u>, 980 F.2d 645, 647 (10th Cir. 1992) (guns seized from kitchen and master bedroom were in adequate proximity).

994 F.2d at 1517.  Like the defendant in <u>United States v. Chatman</u>, Vallejo's only defense is that he did not know that the gun was nearby.  And, as it was in Chatman's case, Vallejo's protestations do not show that it was "clearly improbable" that the gun was connected to the offense.  <u>Id.</u> at 1517-18 ("We conclude that the government has met its burden of proving by a preponderance of the evidence that the gun was proximate to the offense, and that Chatman has presented no evidence that it is 'clearly improbable' that the gun was connected to the offense.").

Before 1989, U.S.S.G. § 1B1.3, which defines "conduct that is relevant to determining the applicable guideline range," included a proviso -- applicable to § 2D1.1(b)(1) -- which specified that conduct could justify an adjustment only "if the harm or risk was caused intentionally, recklessly or by criminal negligence."  <u>United States v. Underwood</u>, 938 F.2d 1086, 1089 (10th Cir. 1991). That subsection was removed by the 1989 amendment.  <u>See</u> <u>id.</u> at 1089-90.  The Tenth Circuit has held that this change removed the requirement that the defendant know that the weapon was present to justify imposition of the enhancement.  <u>United States v. Underwood</u>, 938 F.2d at 1089-90 (discussing the defendant's argument that "the government did not prove by a preponderance of the evidence that he knew of . . . the weapon," and stating that "[u]nder the new guideline it is clear that scienter is not required; simple possession alone will suffice for a firearm enhancement.").[3]

_____

[3] Although the Court has found some authority in other jurisdictions for requiring the United States to prove that the defendant knew of or had access to the weapon before the court should impose the 2-level enhancement of U.S.S.G. § 2D1.1(b)(1), <u>see</u> <u>United States v. Kelso</u>, 942 F.2d 680, 681-82 (9th Cir. 1991)(holding application of the § 2D1.1(b)(1) enhancement to be error where

Commentators agree with that analysis.  See R. Haines, Jr., F. Bowman, III, & J. Woll, Federal Sentencing Guidelines Handbook § 2D1.1, at 562 (West 2009-2010)("A previous version of the relevant conduct guideline . . . required that defendant be aware of his possession of the weapon, or criminally negligent in not being aware of his possession, but that version was replaced by the 1989 amendments.").  It is thus proximity, and not knowledge, that the United States must show.

Moreover, the Tenth Circuit has stated that the defendant's burden to avoid the sentencing enhancement -- once the United States has shown the necessary nexus between the weapon and the offense -- is more onerous than a preponderance-of-the-evidence standard.  The Tenth Circuit stated that "the burdens of proof remain different under" § 5C1.2 -- the safety-valve provision -- and § 2D1.1(b)(1).  United States v. Zavalza-Rodriguez, 379 F.3d at 1187.  "A defendant . . . need only demonstrate by a preponderance of the evidence eligibility for the safety valve, whereas the defendant must show that it is clearly improbable that a gun was not used in connection with the offense to avoid the § 2D1.1 sentence enhancement."  379 F.3d at 1187 (emphasis added).  Vallejo does not disclaim ownership or control of the vehicle, and makes no attempt to explain the presence of the gun.  He does not say it is not his gun, or that he does not own a gun.  He states only that he did not know the gun was in the back seat.  The Court finds that Vallejo's uncorroborated testimony that he did not know that the gun was in the back seat of the vehicle he was driving does not rise to the level of making it "clearly improbable" that the gun was used in connection with the offense to which he pled guilty.  United States v. Chatman, 994 F.2d 1517-18.

the weapon was found in the same vehicle as the defendant, because "[a]lthough Kelso may have had access to the gun, there is no evidence he owned it, or even was aware of its presence."), the Tenth Circuit's position on this issue binds the Court.  It is unclear whether the Ninth Circuit in United States v. Kelso was applying the pre-1989 version of the Sentencing Guidelines, as the court did not cite the conduct-provision in U.S.S.G. § 2D1.1 or reference the 1989 amendment.  Its holding appeared to be based on its case law defining constructive possession.  See 942 F.2d at 682.

## II.      VALLEJO'S NEW AUTHORITY DOES NOT CHANGE THE STANDARD FOR APPLICATION OF U.S.S.G. § 2D1.1(b)(2).

In Vallejo's addendum, he points to a recent Supreme Court case -- United States v. O'Brien, No. 08-1569 (May 24, 2010).  He argues, based on United States v. O'Brien, that the United States must prove beyond a reasonable doubt that Vallejo possessed the firearm.  The Court has reviewed United States v. O'Brien and the case of which it is an extension -- Castillo v. United States, 530 U.S. 120 (2000), and finds they do not stand for the proposition that Vallejo asserts.  United States v. O'Brien discusses 18 U.S.C. § 924(c), and answers the question whether the possession of a machinegun during a crime of violence or drug-trafficking crime, which is found in § 924(c)(1)(B)(ii) and results in a thirty-year sentence enhancement, is a substantive element of the offense that must be proved beyond a reasonable doubt at trial, or a sentencing factor to be found by the judge by a preponderance of the evidence at the sentencing hearing.  The Supreme Court found that "whether a given fact is an element of the crime itself or a sentencing factor is a question for Congress."  United States v. O'Brien, No. 08-1569, at *5.  Looking to five factors, the Supreme Court concluded that the use of a machinegun was an element of the substantive offense.  In Castillo v. United States, the Supreme Court made the same finding with respect to a prior version of the same statute.  See 530 U.S. at 123-31.

In this case, the Court is dealing with a provision of the United States Sentencing Guidelines and not a subsection of the statute under which Vallejo was convicted.  Congress' intent with respect to whether U.S.S.G. § 2D1.1(b)(1) should be an element of the substantive offense is a non-issue.  The enhancement is found in the Sentencing Guidelines.  Moreover, the Court in this case is not dealing with the maximum or minimum sentence to which Vallejo might be subject, see 21 U.S.C. § 841(b)(1)(B)(viii) (setting the statutory sentence for the offense to which Vallejo pled guilty at

between five- and forty-years imprisonment); R. Haines, Jr., F. Bowman, III, & J. Woll, supra, § 2D1.1, at 557 ([T]his guideline increase, by definition, does not increase the statutory maximum sentence."), but rather is taking consideration of a factor in the offense to determine what Vallejo's sentence should be within the statutory sentence range.  Cf. United States v. Hall, 473 F.3d at 1312 ("[United States v.] Booker[, 543 U.S. 220 (2005),] makes clear that judicial fact-finding by a preponderance of the evidence standard is unconstitutional only when it operates to increase a defendant's sentence mandatorily.").  The Court finds that the application of a 2-level enhancement to Vallejo's offense level does not implicate the doctrine enunciated in United States v. O'Brien and Castillo v. United States.  The Court therefore overrules Vallejo's objection to paragraph 16 of the PSR.

**IT IS ORDERED** that the objections raised in Defendant Armando Montes Vallejo's Objection to Presentence Report (Doc. 50) and his Addendum to Objection to Presentence Report (Doc. 52) are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
   United States Attorney
Jon K. Stanford
   Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Dorothy C. Sanchez
Dorothy C. Sanchez, Attorney at Law
Albuquerque, New Mexico

     *Attorney for the Defendant*